HENRY A. DICKENSON
v.
T. S. PETRIE.

*Landlord and Tenant—Non-payment of Rent—Forfeiture of Lease Under Sec. 9, Landlord and Tenant Act.*

1. Where a statute prescribes one mode of action only, it is to be construed as in exclusion of all others; but it is competent for the Legislature to allow a choice between two or more modes of accomplishing the same end.

2. A landlord may terminate a lease for non-payment of rent, by giving the notice prescribed in Sec. 9 of the Landlord and Tenant Act, as well as by pursuing the remedy prescribed in Sec. 8.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Mr. JOHN STAPLETON, for appellant.

Messrs. WELTY & STERLING, for appellee.

PLEASANTS, J. Appellant gave to appellee, his tenant, notice of the termination of his tenancy for default in the payment of his rent, pursuant to Sec. 9 of the Landlord and Tenant Act, which provides that "When default is made in any of the terms of a lease, it shall not be necessary to give more than ten days notice to quit, or of the termination of such tenancy, and the same may be terminated on giving such

notice to quit at any time after such default in any of the terms of such lease, which notice may be substantially in the following form, viz. (here giving the form), to be signed by the lessor or his agent, and no other notice or demand of possession or termination of such tenancy shall be necessary." Upon the expiration of the ten days he brought this action of forcible detainer before a justice of the peace. It was tried on appeal by the court without a jury and judgment rendered for the defendant.

Section 8 of the statute referred to provides that "the landlord or his agent may, at any time after rent is due, demand payment thereof, and notify the tenant, in writing, that unless payment is made within a time mentioned in such notice, not less than five days after the service thereof, the lease will be terminated. If the tenant shall not, within the time mentioned in such notice, pay the rent due, the landlord may consider the lease ended, and sue for the possession under the statute in relation to forcible entry and detainer, or maintain ejectment without further notice or demand."

The ground on which this judgment was rendered, and is here defended, is fully though briefly stated in the opinion which was filed by the court below, as follows : " Applying the rule that the expression of one mode of action in a statute is an exclusion of all other modes, the conclusion is reached that when it is sought to forfeit a lease for non-payment of rent, notice must be given under section 8, and the form of notice given at the end of section 9 will not be sufficient."

We apprehend this is not an accurate statement of the rule, and that accurately stated, it would be seen to be inapplicable to this case. The rule, we take it, is that where a statute prescribes one mode of action only, it is to be construed as an exclusion of all others. But surely the Legislature may expressly allow a choice between two or more modes of accomplishing the same end. Thus Section 8 itself, upon the same case, namely, of the tenant's failure to pay the rent due within the time mentioned in the notice therein pre_ scribed, and for precisely the same object, namely, the recovery of possession of the demised premises, allows a choice between

two modes of action, namely, the action of wilful detainer and that of ejectment. So here, if the object of the two notices were precisely the same, it might be a question whether the Legislature had not allowed a choice between them. But the object is not the same. That of the one.prescribed in section 8 is to enforce payment of the rent due by threatening the termination of the tenancy, and not the actual termination of it, while that of the one prescribed in section 9, is the termination of the tenancy and not the enforcement of payment.

For that reason, the rule referred to does not apply. The provision for one form of notice and one only, for a conditional termination of the tenancy, should not be construed as excluding another form expressly prescribed for an absolute termination of it. It is conceded here that payment of the rent as claimed was one of the terms of the lease, and that when the notice was given, default had been made therein by the tenant.

By section 9, this notice was prescribed as the sufficient means of terminating the tenancy and demanding possession of the premises, for default made by the tenant in " any " of the terms thereof; and by Sec. 2, clause *fourth* of the Forcible Entry and Detainer Act (R. S., Ch. 57), recovery of possession by means of this action is authorized when the lessee " holds possession without right, after the determination of the lease * * * by notice to quit."

For these reasons, we hold the notice here given was sufficient, and for the error of the court below in holding the contrary, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*