# Edward J. Jefferys, Defendant in Error, v. James C. Hart, Plaintiff in Error.

## Gen. No. 20,476.

1. LANDLORD AND TENANT, § 464*—*when noncompliance of tenant with demand for payment of rent does not terminate lease.* Section 8 of the Landlord and Tenant Act (J. & A. ¶ 7046), providing for demands by landlords for nonpayment of rent by tenants, notifying such tenants that in case of nonpayment within five days the lease will be terminated, and further providing that "if the tenant shall not within the time mentioned in such notice, pay the rent due, the landlord may consider the lease ended," does not of necessity terminate the lease on the noncompliance by the tenant with the demand, but merely gives to the landlord the right to consider the lease ended, or in force, at his option, the words "may consider the lease ended" presupposing the existence of the lease, and such words being superfluous if the intention of the Legislature was to terminate the tenancy by serving a five-day notice.

2. LANDLORD AND TENANT, § 464*—*how statute relative to termination of lease by landlord construed.* If section 8 of the Landlord and Tenant Act (J. & A. ¶ 7046) were construed as terminating the lease on the noncompliance by the tenant with a notice under the statute, such construction would enable the tenant to forfeit the lease by committing a breach requiring the notice, and thereby take advantage of his own wrong, which forfeiture would be no more favored by the law than a forfeiture by the landlord against the tenant.

3. LANDLORD AND TENANT, § 464*—*what constitutes exercise of option by landlord under statute to terminate lease.* After the service by a landlord on a tenant of notice and demand under section 8 of the Landlord and Tenant Act (J. & A. ¶ 7046), which is not complied with by the tenant, the action of the landlord in bringing either forcible detainer proceedings or ejectment would be an affirmative act showing his intention to exercise his option under the statute to consider the lease as ended.

4. LANDLORD AND TENANT, § 456*—*what constitutes an abandonment by tenant.* A tenant on whom a notice and demand has been served by the landlord under section 8 of the Landlord and Tenant Act (J. & A. ¶ 7046), has no right to consider his lease as terminated prior to some affirmative act showing an election by the landlord so to treat the lease, and a vacation of the leased premises prior to such affirmative act is an abandonment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1914.   Reversed and remanded.   Opinion filed January 27, 1916.

**Statement by the Court.**   Defendant in error (plaintiff below) sued plaintiff in error (defendant below) for the recovery of money alleged to be due on a deposit under a lease between the parties.   The court upon a trial of the case without a jury found the issues against the defendant, assessing plaintiff's damages in the sum of $270.65 for which amount and costs, judgment was entered, to reverse which defendant has sued out this writ of error.

WILLIAM J. AMMEN, for plaintiff in error.

LOUIS J. PIERSON, for defendant in error.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

Under a lease dated June 25, 1913, defendant rented to plaintiff the store on the first floor of the building known as 5547 South Halsted street, Chicago, Illinois, from July 1, 1913, until April 30, 1918, at a monthly rental of $50 for the first twenty-two months of said lease and $55 for the remainder of the term, which rent was payable in advance upon the first day of every month of said term.

Said lease also contained the following clause:

"It is expressly understood and agreed that said lessee shall pay to said lessor, upon the execution of this lease, the sum of Three Hundred ($300.00) to be by him held to secure the payment of said rent and the performance by said lessee of his obligations hereunder; and in case said lessee, on November 1st, 1917, shall have paid to said lessor all rent theretofore due and shall have performed all the other obligations herein set out to be by him performed and shall also

pay to the said lessor the further sum of Thirty Dollars, then said payment of Three Hundred Dollars shall be held by the said lessor as a balance of the rent for the final six months of said term and said lessee credited accordingly.

"It is further understood and agreed that the giving and acceptance of said sum of three hundred dollars, as security, as aforesaid shall in no manner or degree effect or alter any right of action hereunder which said lessor might otherwise have against said lessee."

Plaintiff not having paid the rent due October 1, 1913, defendant served the following notice on him:

"Chicago, Ill., Oct. 16, 1913.

"To Edwin J. Jeffery:

"You are hereby notified that there is now due the sum of Fifty Dollars being rent due for the premises situated in the city of Chicago, County of Cook, and State of Illinois, and known and described as follows, viz., the store on the first floor of the building at No. 5547 So. Halsted street.

"And you are further notified that payment of said sum so due, has been and is hereby demanded of you, and that unless payment thereof is made on or before the 21st day of October, A. D. 1913, your lease of said premises will be terminated.  *  *  *  at  *  *  *  is hereby authorized to receive said rent for me.

(Signed) JAMES C. HART,

Landlord,

By C. D. EULETTE,

Agent."

The foregoing facts are uncontradicted. There is, however, a conflict in the evidence as to what took place after defendant served the aforesaid notice.

Plaintiff introduced evidence that on October 21, 1913,—five days after he received the notice—he vacated said premises and turned over the key to a person duly authorized to receive same by defendant, and that he tendered the sum of $33.88 to defendant for rental of the premises for twenty-one days in October, which, however, was refused.

Defendant introduced evidence that plaintiff did not vacate the premises until either the 26th or 27th of October, 1913, and that the keys were not delivered until the 28th or 29th of October; and also offered evidence to show that after the vacation of said premises by plaintiff on the 26th or 27th of the month, he re-entered the premises for the purpose of putting them in shape to rent to the best possible advantage, as he claimed was his duty under the law; that the premises remained vacant until the first of March, 1914; that the damages sustained by him by reason of the abandonment of the premises by plaintiff exceeded the $300 deposited with defendant under the lease as security for the faithful performance of the terms thereof.

Upon this record, plaintiff claims that by the serving of the aforesaid notice, under the provisions of section 8 of our Landlord & Tenant Act, ch. 80 of Hurd's Rev. St. of Illinois for 1911 (J. & A. ¶ 7046), plaintiff not having paid the rent within five days as required in said notice, the lease was terminated; that because of the termination of said lease, he was entitled to the return of the $300 deposited under the clause hereinabove set forth, less the amount tendered as the rent due for the use of said premises for the twenty-one days in October that the premises were occupied by him.

Defendant contends that said lease was not thereby terminated, but that plaintiff abandoned the premises demised under said lease, and that by reason of such abandonment, defendant sustained damages in a sum greater than the amount deposited as security for the faithful performance of the covenants in the lease.

If the foregoing facts established a termination of the lease, then the judgment of the Municipal Court must be affirmed; if not, we must reverse it.

If the position of plaintiff is tenable, then the mere serving of the five-day notice, followed by plaintiff's

noncompliance therewith, constituted a termination of the lease.

Section 8 of our Landlord & Tenant Act (J. & A. ¶ 7046) provides as follows:

"Demand of rent—Suit for possession—Joinder of claim for rent in complaint. That a landlord or his agent may, at any time after rent is due, demand payment thereof and notify the tenant, in writing, that unless payment is made within a time mentioned in such notice, not less than five days after service thereof, the lease will be terminated. If the tenant shall not within the time mentioned in such notice, pay the rent due, the landlord may consider the lease ended, and sue for the possession under the statute in relation of (to) forcible entry and detainer, or maintain ejectment without further notice or demand. And a claim for rent may be joined in the complaint, and judgment obtained for the amount of rent found due, in any action or proceeding brought, in an action of forcible entry and detainer for the possession of the demised premises, under this section."

Under the facts in evidence, plaintiff defaulted in the payment of the rent due October 1st. The landlord, therefore, as provided under section 8 *supra,* notified the tenant that unless the rent was paid within five days, the lease would be terminated; but section 8 does not provide that the serving of such notice shall itself constitute a termination, for that section provides:

"If the tenant shall not within the time mentioned in such notice, pay the rent due, the landlord *may consider the lease ended,* and sue for the possession under the statute in relation of (to) forcible entry and detainer, or maintain ejectment without further notice or demand."

In our opinion, the words "may consider the lease ended" necessarily presuppose the existence of the lease, after the serving of the five-day notice,—or why would they be there? If the intention of the Legislature was to terminate the tenancy by the serving of a

five-day notice, the words "may consider the lease ended" are superfluous. We believe these words were inserted for a purpose, and for but one purpose, viz., to indicate that it is optional with the landlord, after serving a five-day notice, to consider the lease still in force, or ended, as he sees fit.

Plaintiff had committed a breach of one of the covenants of the lease. The landlord had called his attention to the breach and warned him, by serving said notice, that unless said breach was corrected, he (the landlord) could consider the lease ended.

Under the contention of the plaintiff, not only could the tenant commit a breach, but he could use that breach to compel a forfeiture, thereby taking advantage of his own wrong. Such a forfeiture is no more favored in law than is a forfeiture by the landlord against the tenant.

In support of his contention, plaintiff cites *Wm. J. Lemp Brewing Co. v. Lonergan,* 72 Ill. App. 223. This case, however, refers to *Dickenson v. Petrie,* 38 Ill. App. 155, as holding to the contrary.

After a careful examination of section 8 of our Landlord and Tenant Act, *supra,* we are impelled to adopt the reasoning set forth in *Dickenson v. Petrie, supra,* and to hold that under said section it is the privilege of the landlord, after serving the five-day notice followed by the tenant's noncompliance, to say whether or not he wishes to forfeit the lease, and to bring forcible entry and detainer proceedings or an action in ejectment. His election to do either would be an affirmative act showing that he considered the lease ended. Until an act is performed by the landlord in pursuance to said notice, which could be regarded as an election to consider the tenancy ended, the tenant has no right to vacate the premises; therefore, the act of plaintiff in vacating the premises, whether he did so on October 21st or later, must be regarded as an abandonment thereof.

In this view of the case, the only question that remains for the court to determine is whether or not the damages sustained by defendant because of said abandonment were greater than the amount deposited by plaintiff with defendant to secure the faithful performance of the covenants of the lease.

For the reasons hereinabove assigned, the judgment will be reversed and the cause remanded for further proceedings not inconsistent with the views hereinabove expressed.

*Reversed and remanded.*