## T. P. Hicks, Defendant in Error, v. C. B. Simons, Plaintiff in Error.

### Gen. No. 22,055.

1. LANDLORD AND TENANT, § 73*—*when tenant vacating premises upon service of notice is liable for subsequently accruing rent.* Where a lease provides that in case the lessee fails to pay the rent as provided by the lease, and the lessor serves a five-day notice, the lessee "expressly agrees that the serving of the said five-day notice shall not release lessee from the payment of all rent due or to become due under the terms of said lease, and said lessee hereby expressly agrees to pay the rent for the full term of said lease, notwithstanding the service of such five-day notice," and the lessor serves a five-day notice that unless the rent is paid on or before a certain date, the lease will be "terminated under the terms of the said lease," the lessee is not relieved from liability for rent subsequently accruing under the lease, even though he vacated the premises pursuant to the five-day notice and the lessor took possession.

2. LANDLORD AND TENANT, § 330*—*what does not affect power conferred by warrant to confess judgment in lease.* That a warrant to confess judgment contained in a lease authorizes the confession

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of judgment for rent, while the money stipulated in the lease to be paid as rent ceased to be rent upon a breach of the lease and was converted into damages by the stipulation of the lease, does not affect the power conferred by the warrant.

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed June 27, 1917.

KING, BROWER & HURLBUT, for plaintiff in error.

ABRAM L. MYERS, for defendant in error.

MR. JUSTICE TAYLOR delivered the opinion of the court.

The writ of error in this cause is prosecuted by the plaintiff in error C. B. Simons (hereinafter designated defendant), to reverse a judgment of the trial court which was entered in favor of the defendant in error, T. P. Hicks (hereinafter designated plaintiff), for rent and attorney's fees.

The plaintiff's claim is based upon a *cognovit* and lease. The statement of claim of plaintiff sets forth that the plaintiff's claim is for rent under a certain lease, dated April 7, 1913, whereby the plaintiff demised to defendant the premises therein described, for a term of one year, at an annual rental of $510, payable in monthly instalments of $42.50 each; that by virtue of said demise the sum of $182.50 is due as rent, being for part of the month of August and for the months of September, October, November and December, 1913, and January, 1914, and that $17 is due as reasonable attorney's fees, as provided in said lease. The affidavit sets forth that there is due to the plaintiff from defendant $182.50. A copy of the lease is attached to the statement of claim. The lease is dated April 7, 1913, and was made between T. P. Hicks, lessor, and C. B. Simons, lessee, and recites that the lessor demised flat No. 4, fourth floor, No. 3825

Ellis avenue, Chicago, to be occupied as a private residence from May 1, 1913, until the last day of April, 1914; that the lessee agrees to pay as rent the sum of $510, payable in monthly instalments of $42.50 in advance, on the first day of each and every month of said term.

On June 5, 1914, the trial judge entered judgment in favor of the plaintiff for $199.50 and costs.

On February 27, 1915, an order was entered which recited that a motion of the defendant (that the judgment by confession of June 5, 1914, be vacated and set aside) was set for hearing on March 13, 1915.

On September 20, 1915, an order was entered overruling the motion of the defendant to set aside the judgment.

In considering the motion of the defendant to set aside the judgment by confession, there was presented to and the trial judge considered an affidavit of merits filed by the defendant.

The affidavit of merits of the defendant recited, *inter alia,* that the defendant had a good defense to all of the plaintiff's demand, except the sum of $87.50, being rent at the rate of $42.50 per month for the months of September and October, 1913, and $2.50 of the rent of August, 1913; that on October 25, 1913, the plaintiff served the defendant with a written notice, stating that there was then due from the defendant for rent $87.50; that the said notice recited that unless payment was made by October 30, 1913, defendant's lease of said premises would be terminated under the terms of said lease; that the defendant did not pay any part of said money mentioned in said notice; that the plaintiff never withdrew said notice; that in pursuance of said notice the defendant on October 31, 1913, vacated said premises and the plaintiff thereupon took possession; that the defendant has never occupied said premises since; that by reason of the election of the plaintiff to terminate said lease on October 30, 1913,

and the acceptance of said notification by the defendant and his removal from the premises, said lease became terminated on October 30, 1913, and no rent is due thereunder; that all of the money claimed by the plaintiff in excess of $87.50 is claimed upon the theory that the defendant owed the same for rent of the premises after defendant had vacated them; that no part of said excess of $87.50 is due from the defendant.

The error complained of by the defendant is that the trial judge did not vacate the judgment as to all in excess of $87.50; in other words, that the service of the written notice of October 25, 1913, and the vacation of the premises by the defendant terminated the lease as of the end of October, 1913, and that no rent, therefore, accrued for the subsequent months of November and December, 1913, and January, 1914.

It is provided in said lease as follows:

"In case lessee fails to pay the rent herein specified to be paid, at the time and in the manner herein provided, and said lessor serves a five-day notice, said lessee hereby expressly agrees that the serving of said five-day notice shall not release lessee from the payment of all rent due or to become due under the terms of said lease, and said lessee hereby expressly agrees to pay the rent for the full term of said lease notwithstanding the service of such five-day notice."

The notice that was served upon the defendant was that if the rent was not paid "on or before the 30th of October, 1913, defendant's lease of said premises would be terminated under the terms of said lease." Considering that the lease provides expressly that the serving of a five-day notice shall not release the lessee from the payment of rent to become due under the terms of the lease, and that the notice itself was to the effect that the defendant's lease of said premises "will be terminated under the terms of said lease," it is impossible to avoid the conclusion that the defendant, after the service of the five-day notice and after his

vacation of the premises in October, 1913, still remained liable for rent accruing pursuant to the terms of the lease for the succeeding months of November, December and January.    The case of *Wm. J. Lemp Brewing Co. v. Lonergan,* 72 Ill. App. 223, is instructive but not in point.    In that case the notice served did not provide that the lease will be terminated ''under the terms of said lease,'' nor did the lessee in that case expressly agree that in case a five-day notice was served it should not release him from the payment due or to become due under the terms of the lease.    In *Jefferys v. Hart,* 197 Ill. App. 514, this court said:

''Until an act is performed by the landlord in pursuance to said notice, which could be regarded as an election to consider the tenancy ended, the tenant has no right to vacate the premises.''

meaning, when the context is considered, that the service of the five-day notice does not of itself constitute a forfeiture of the lease.    In the latter case the notice that was served did not provide, as in the instant case, that the ''defendant's lease of said premises will be terminated under the terms of said lease,'' nor was there a provision in the lease expressly providing that the service of a five-day notice would not avoid liability for future rent.

Mr. Justice Magruder, in *Grommes v. St. Paul Trust Co.,* 147 Ill. 634, said:    ''But in the cases where the rule has been laid down and enforced (possession ceasing, payment ceases), it does not appear that there was an express covenant or agreement on the part of the tenant that he would be liable for the rents accruing up to the end of the term, notwithstanding the re-entry of the landlord before the expiration of the term for default in the payment of rent.''

It is claimed by the defendant that in the *Grommes* case, *supra,* there was no notice of termination of the tenancy.    The answer to that is there is no notice of a termination of tenancy in the instant case, save ter-

mination according to the terms of the lease, and according to the terms of the lease the service of the five-day notice and the request for the rent therein contained did not relieve the defendant of his obligation to pay rent "due or to become due under the terms of said lease    *    *    *    for the full term of said lease, notwithstanding the service of such five-day notice." We are therefore of the opinion that the service of the notice in question and the vacation of the premises did not avoid the liability of the defendant to pay the rent for the months of November and December, 1913, and January, 1914.

As to the contention that the money stipulated in the lease to be paid as rent ceased to be rent and was converted into damages by the stipulation of the lease, so that the warrant to confess judgment for rent only did not confer power to confess judgment for damages, it makes no difference what the liability is called as long as it exists and is the result of the written obligation of the defendant. *Central Investment Co. v. Melick*, 267 Ill. 564. Finding no error in the record, the judgment will be affirmed.

*Affirmed.*