Joseph Rosenberg, Appellee, v. D. H. Holmes, Appellant.

Gen. No. 30,148.

LANDLORD AND TENANT—*giving of 5-day notice under Cahill's
St. ch. 80, ¶ 8, as terminating obligation to pay rent.* A land-
lord does not, merely by giving his tenant the 5-day notice pro-
vided for in Cahill's St. ch. 80, ¶ 8, thereby terminate the lease so
as to release the tenant from liability for the rent therein provided
for, accruing thereafter.

Appeal by defendant from the Municipal Court of Chicago; the
Hon. ROBERT E. GENTZEL, Judge, presiding. Heard in the third di-
vision of this court for the first district at the March term, 1925.
Affirmed. Opinion filed January 20, 1926.

D. H. HOLMES, *pro se.*

BENJAMIN ROSENBERG, for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opin-
ion of the court.

The plaintiff, Rosenberg, was the landlord and the
defendant, Holmes, was the tenant of a certain apart-
ment under a written lease between the parties. Un-
der a power of attorney contained in that lease the
plaintiff landlord secured judgment by confession
against the defendant tenant for $290, being the rent
for said apartment at $90 a month for the months of
May, June and July, 1924. The written lease covered
the period from November 19, 1923, to October, 1924.
The judgment by confession was entered October 16,
1924. Within 30 days thereafter the defendant tenant
made a motion in the municipal court to vacate the
judgment and asked leave to file his appearance and
defend the action which had been brought by the plain-
tiff, and in support of that motion the defendant sub-
mitted his affidavit alleging that he was not indebted
to the plaintiff in any sum; that he had "vacated the

premises not later than April 30, 1924, and that all
rent due or that could possibly be claimed as due for
the use and rental of the premises up to that date has
been paid in full''; that up to April the monthly rent
had been paid regularly; that prior to and during that
month the plaintiff had permitted conditions to exist
which were set forth in detail in the affidavit and which
became unbearable, and which were reported to the
agent of the plaintiff landlord on a number of occa-
sions, but no action was ever taken to remedy them;
that plaintiff's agents were advised that the April
rent had not been paid in the hope that something
would be done to better the conditions, but that no
assurance was given that anything would be done; that
the landlord's agents posted a 5-day notice on the en-
trance door of the apartment occupied by the defend-
ant, copy of which notice was presented to the court
with the defendant's affidavit, the notice being dated
April 25, 1924; that this notice was never thereafter
canceled or withdrawn, but that the defendant under-
stood by such notice and by the actions of the agents
of the plaintiff that the plaintiff had decided to ter-
minate the lease and did terminate it as of April 24;
that the defendant vacated the apartment April 30,
1924, at which time the landlord took possession, and
has remained in possession since. The notice attached
to this affidavit of the defendant, submitted to
the trial court in support of the defendant's mo-
tion to vacate the judgment, advised the defendant
that $90 was due on the rent of his apartment and
further, ''that payment of said sum so due has been
and is hereby demanded of you, and that unless pay-
ment thereof is made on or before the expiration of 5
days after date of service of this notice your lease to
said premises will be terminated.''

The court entered an order denying the defendant's
motion to vacate the judgment and the defendant has
perfected this appeal from that order.

Defendant contends that the plaintiff's action in serving him with the so-called 5-day notice operated to terminate the lease, and when he took the plaintiff at his word and vacated the premises at the end of the 5 days, which was the time specified for such termination, and paid the plaintiff the amount which was due for the April rent, no liability could thereafter attach to him under the lease. In support of the contention the defendant relies on *Wm. J. Lemp Brewing Co. v. Lonergan*, 72 Ill. App. 223. The plaintiff contends that the later case of *Jefferys v. Hart*, 197 Ill. App. 514, holds the contrary. In our opinion, the latter case lays down the proper rule. Section 8 of our statute on Landlord and Tenant [Cahill's St. ch. 80, ¶ 8] provides, "That a landlord or his agent may, any time after rent is due, demand payment thereof and notify the tenant, in writing, that unless payment is made within a time mentioned in such notice, not less than 5 days after service thereof, the lease will be terminated. If the tenant shall not within the time mentioned in such notice, pay the rent due, the landlord may consider the lease ended, and sue for the possession under the statute in relation to forcible entry and detainer, or maintain ejectment without further notice or demand." In *Dickenson v. Petrie*, 38 Ill. App. 155, the court said that the object of the notice provided for in the foregoing section was "to enforce payment of the rent due by threatening the termination of the tenancy and not the actual termination of it," while the object of the notice prescribed in the following section, "is the termination of the tenancy and not the enforcement of payment." Although that interpretation of these two sections of the statute was not followed in the *Lemp* case, it was the interpretation adopted by this court in *Jefferys v. Hart, supra.* We have again given careful consideration to these statutory provisions, and, in our opinion, the reasons given for the interpretation of the language of section 8,

*supra,* as set forth in the latter case, are sound and we adhere to the ruling there laid down. It follows that in our opinion the giving of a so-called 5-day notice, under the provisions of section 8, does not effect a termination of the lease and a tenant may not vacate the premises at the end of the 5-day period and thereby avoid further liability for the payment of rent under the lease. No claim is made that the conditions complained of were such as to amount to an eviction. Section 8 of the statute clearly contemplates that if the tenant fails to pay his rent in compliance with the 5-day notice, the landlord shall then have the right to sue for possession, in either of the forms of action mentioned, and in so doing exercises the right the statute gives him, to consider the lease ended, and thus bring it to a termination. But until the landlord performs one of these acts the tenant may not escape further obligations under the lease, by himself electing to terminate it, and moving out.

For the reasons stated, the order of the municipal court is affirmed.

*Order affirmed.*

Taylor and O'Connor, JJ., concur.